E. KENT WINWARD #5562
ABRAHAM SMOOT #12666
**Attorney for Recoup Asset Management**
**4850 Harrison Blvd, Ste 1**
**Ogden, Utah 84403**
**Telephone: (801) 392-8200**
**Facsimile: (801) 392-2724**
utahbankruptcyfirm@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| In the Matter of: | Case No. 22-20493 |
|---|---|
| Cory Lundberg, | Chapter 13 |
| | Judge Joel T. Marker |
| Debtor(s) | |

**MOTION TO DISMISS**
**AND FOR ATTORNEY FEES**

Recoup Asset Management, through counsel, hereby moves to dismiss the above captioned Chapter 13 pursuant to Section 1325(a)(7). In support thereof, Recoup Asset Management represents as follows:

1. Debtor filed a Chapter 13 petition on February 16, 2022.

2. Debtor is already currently in an active Chapter 7 case, filed on November 8, 2019, Case Number 19-28310.

3. Case 19-28310 was originally filed as a Chapter 13.

4. Recoup Asset Management filed Proof of Claim 8 in that case and was being paid $5,508.23 on its claim secured by a 2007 Toyota Land Cruiser.

5. On October 7, 2021, the Chapter 13 Trustee filed a Motion to Dismiss for failure to pay the Chapter 13 Plan payments.

6. Debtor objected to the dismissal on October 29, 2021 and scheduled a hearing for December 8, 2021.

7. On December 6, 2021, Debtor converted the 2019 case to one under Chapter 7. No discharge has been entered in the Chapter 7 case.

8. No Statement of Intention was filed in the Chapter 7 case as required by Section 521(a)(2).

9. Debtor also failed to take any action in regards to the secured property within 30 days after the 341 meeting on January 4, 2022. In fact, the Debtor actively appears to be avoiding repossession of the vehicle and based upon information and belief the address used in the bankruptcy petition is not Debtor's actual address, but his sister's.

10. Pursuant to Section 362(h), the automatic stay terminated as to the vehicle on February 4, 2022.

11. The current case was filed in bad faith to avoid the repossession of the collateral.

12. Debtor is hiding his whereabouts, has not filed any relevant documents, and is filing a case solely to hinder, defraud and delay the repossession of the vehicle.

13. The Debtor has not actively participated as required in the Chapter 13 converted to Chapter 7 case and should not be allowed to file a new Chapter 13 case to do what should have been done in the case concurrently pending.

14. Courts hold in the vast majority that where a debtor files for chapter 7 relief and then files for protection under chapter 13 *before* receiving a discharge in the original chapter 7 case, that the chapter 13 case is a nullity because the filing of simultaneous petitions. *See In re Montes,* 526 BR 397 (Bankr. Court, D. New Mexico 2015*).*

15. Allowing simultaneous cases prior to discharge of the Chapter 7 is "contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single

chapter within the code." *See In re Turner v. Citizens Nat'l Bank of Hammond (In re Turner),* 207 B.R. 373, 378 (2d Cir. BAP 1997).

16. Recoup Asset Management has incurred attorney fees in an amount not less than $800.00 in the filing of this Motion to Dismiss and judgment should be granted for fees required to obtain the dismissal of this case that was filed in bad faith.

WHEREFORE, Debtor requests that the above captioned case be dismissed and a judgment for attorney fees be awarded.

DATED: February 17, 2022

                                                    _____/s/_____
                                                    E. Kent Winward
                                                    Abraham Smoot
                                                    Attorneys for Debtor