Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

IN RE:

CORY D LUNDBERG

**Debtor**

CASE: 22-20493

CHAPTER 13
 Hon. JOEL T. MARKER

Hearing: 03/23/2022

### TRUSTEE'S RESPONSE /JOINDER TO MOTION TO DISMISS AND FOR ATTORNEYS FEES

   Lon A. Jenkins, Chapter 13 Trustee, by and through counsel, hereby responds to the above-referenced Motion as follows:

   1. As of the date of this response, the Debtor is current on plan payments.

   2. It appears that the Debtor remains in two open cases - case 19-28310 remains open along with the current case.

   3. The Debtor in this current case has not filed schedules or statement of financial affairs.  In addition, there was not a request to extend the automatic stay as this is the second case within a one year period.

    4. It appears the case may not be filed in good faith.  Factors a Court should consider determining whether a filing of a petition is not in good faith under 1325(a)(7) and corresponding dismissal under 1307(c) are: 1)The nature of the debt, including the question of whether the debt would be nondischargeable in a chapter 7 proceeding; 2)the timing of the petition; 3)how the debt arose; 4)the debtor's motive in filing the petition; 5)how the debtor's actions affected creditors; 6)the debtor's treatment of creditors both before and after the petition was filed; and 7)whether the debtor has been forthcoming with the bankruptcy court and creditors.  <u>In re Gier</u>, 986 F.2d 1326, 1329 (10th Cir. 1993).  If the petition has not been filed in good faith, the case should be dismissed under 1307(c).  A debtor may not be in simultaneous bankrupt cases involving the same debt.  <u>Freshman v. Atkins</u>, 269 U.S. 121 (1925).  Successive filing may be allowed, but "there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debt." <u>In re Sidebottom</u>, 430 F.3d 893, 898 (7th Cir. 2005).  The Debtor lists Recoup Asset Managment in Part 3.2 of the plan - this debt was listed in the 19-28310 case that converted to chapter 7, so statement or intention or re-affirmation of the debt has been filed in the chapter 7 case.

    5. In addition, it appears the creditor is alleging the Debtor is not being forthcoming with the court in attempt to thwart repossession of the collateral.

    6. It appears a

    WHEREFORE, the Trustee objects to entry of an Order granting the relief requested in the Motion.

Dated: March 7, 2022                          <u>/s/ Tami Gadd</u>
                                                Chapter 13 Trustee

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing Trustee's Response was served on the following parties on March 07, 2022:

DANE L. HINES, ECF Notification

                                                  /s/ Tami Gadd