Dane L. Hines (#7886)
Attorney at Law
245 North University Avenue
Provo, Utah 84601
Tel: 801-379-0300 Fax: (801) 375-2590
Attorney for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT**
**District of Utah**

| | | |
|---|---|---|
| **In the Matter of**: | } | |
| | } | |
| | } | Case No. 22-20493 |
| Cory D Lundberg | } | |
| | } | Chapter 13 |
| **Debtor(s)** | } | Hon. Joel T Marker |

DEBTORS' OBJECTION TO RECOUP ASSET MANAGEMENT'S MOTION TO DISMISS

Come now Debtor(s), by and through counsel, Dane L. Hines, and hereby responds to and Objects to RECOUP ASSET MANAGEMENT'S Motion to Dismiss.

1. Debtor's prior case was filed as a ch 13 and converted to ch 7 12/6/2021.

2. Debtor's prior case was discharged and closed on 3/9/2022.

3. Debtor's prioir ch 13 was confirmed on 5/13/2020, the confirmed plan provided for payment on 2 vehicles; a 2004 Ford F 150 financed with title max and 2007 Toyota Fj Cruiser finance with Reecup Asset Management.

4. In June of 2020 Debtor lost his job and began receiving unemployment.

5. In November 2020 the Debtor Modified the Ch 13 Plan to surrender the 2004 Ford F 150 to title Max.

6. In March of 2021 Debtor was hospitalized with a staph infection in his leg.

7. In March of 2021 the Ch 13 Trustee filed a Motion to Dismiss for non-payment, debtor file an objection .

8. In May 2021 Debtor was offered a new job and began work and then was let go in less than a month.

9. Debtor got another job in June 2021 and then sought and obtained an abatement of missed plan payments per the Order entered 7/12/2021.

10. Debtor subsequently lost this job as well.

11. In October 2021 the ch 13 Trustee file another Motion to Dismiss for missed plan payments of $ 1302 (approximately 3 months).

12 .   During much of 2021 debtor suffered from sever depression related to other health issues including complications from having lost an eye due to injury in an auto accident, debtor began counseling in November 2021.

13. Debtor objected to the Trustee's Motion to Dismiss but was unable to catch up the missed payments and upon advise of counsel converted to a ch 7.

14. In December 2021 debtor began employment at a new job which he believed would provide sufficient income to make payments.

15. Following his ch 7 Creditors meeting in January 2022, debtor was advised by counsel to make payment arrangements with Movant, however due to having only about 2 months of paychecks in the last 6 months debtor was still struggling to catch up with his ongoing living expenses and had not yet re-established payments to Movant.

16. Debtor was aware that movant could reposes the collateral vehicle, debtor discussed with counsel the alternatives of purchasing a replacement vehicle but given the current inflated used vehicle market debtor felt it was more prudent to pursue a ch 13 Plan wherein he would make payments to Movant on the relatively low balance currently owed on the vehicle..

17. In addition to paying for the vehicle loan with Movant debtor's plan also provides for payment to certain tax liabilities.

18. Debtor is delinquent in the current case in the filing of his statement and schedules because shortly after filing the present case debtor contracted covid and was hospitalized several times between 2/22/2022 and 3/4/2022 .

19. Since filing the present case debtor is still seeking to provide counsel with the current paystubs and 6 month paystubs and signatures needed to complete the filings.

Debtor is making a good faith effort to pay the movant and movant will be paid in full under the ch 13 plan. Debtor has been subject to a series of unfortunate health crisis creating extenuating circumstance.

Wherefore, Debtor(s) pray(s) the Court enter an order sustaining Debtor's objection to dismissal.

_____/s/_____ Date 3/14/2022
Dane Hines, Attorney for Debtors