Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: | CASE: 22-20493 |
| CORY D LUNDBERG | CHAPTER 13 |
| **Debtor** | Hon. JOEL T. MARKER |
| | Confirmation Hearing: 6/21/22  10:00 am |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

   1. The Debtor filed a Chapter 13 petition for relief on February 16, 2022 and the First Meeting of Creditors under section 341 was continued and held on May 13, 2022.

   2. The payment advices required by § 521(a)(1)(B)(iv) show <u>more</u> income than is reported on Schedule I.

   3. The Debtor(s) list on Schedule J an expense for a storage unit of $220.00.  The Debtor(s) should either substantiate this expense with admissible, documentary evidence, or remove it from Schedule J.

4. The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2021 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

5. The Debtor(s) failed to produce at the 341 Meeting evidence of current income (see Fed. R. Bankr. P. 4002(b)(2)(A)) and LR 2083-1(e)(1)(2)(A).

6. Schedule A/B discloses a health savings account as a financial account held by the Debtor. At the 341 Meeting, the Debtor testified that this financial account was closed prior to the Bankruptcy Petition. The Debtor should either provide the financial account statement for the period that covers the petition date or remove it from Schedule A/B. If the financial account has been closed, the Debtor should amend the Statement of Financial Affairs, Interrogatory No. 20, to include all closed financial accounts.

7. The Debtor(s) should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2 or 3.4. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

8. The Trustee requests an explanation regarding the $3,699.00 withdrawal internet transfer from the Debtor's Utah Community Credit Union account on 1/21/22.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: May 17, 2022                              Lon A. Jenkins
                                                 Chapter 13 Trustee

## CERTIFICATE OF SERVICE

 A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on May 17, 2022:

CORY D LUNDBERG, 9299 UINTAH HILLS DRIVE, WEST JORDAN, UT  84088

DANE L. HINES, ECF Notification

                  /s/ Chelsea Anderson